TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **DISTRICT OF MASSACHUSETTS** <br> ------------------------------------------------------------------x <br> CHUN LIN JIANG, <br> *on his own behalf and on behalf of others similarly situated* <br>           Plaintiff, <br>       v. <br> KOBE JAPANESE STEAKHOUSE, INC. <br>    f/k/a Tokyo Steak Hose Inc <br>    d/b/a Tokyo Japanese Steak House; <br> TOKYO II STEAK HOUSE, INC. <br>    d/b/a Tokyo Japanese Steak House; <br> TOKYO III STEAK HOUSE, INC <br>    d/b/a Tokyo Japanese Steak House; and <br> GUANGLONG LIN <br>    a/k/a Guang Long Lin <br>    a/k/a David Lin, <br><br>           Defendants. <br> ------------------------------------------------------------------x | Case No. 22-cv- <br><br> **29 U.S.C. § 216(b)** <br> **COLLECTIVE ACTION &** <br> **FED. R. CIV. P. 23 CLASS** <br> **ACTION** <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

    Plaintiff CHUN LIN JIANG (hereinafter referred to as "Plaintiff" or "Jiang"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants KOBE JAPANESE STEAKHOUSE, INC. f/k/a Toyko Steak House Inc d/b/a Tokyo Japanese Steak House (hereinafter referred to as "Kobe Japanese Steak House"); TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House (hereinafter referred to as "Tokyo II Steak House"); TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House (hereinafer referred to as "Tokyo III Steak House"), and GUANGLONG LIN a/k/a Guang Long Lin a/k/a David Lin (hereinafter referred to as "Guanglong Lin" or "Individual Defenant") (Collectively with Corporate Defendants referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff Jiang, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Massachusetts General Law ("MGL") Chapter 149 § 148, § 150 and Chapter 151 § 1A, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2. Jiang alleges pursuant to the FLSA that he is entitled to recover from the defendants: (1) overtime wages, (2) liquidated damages and/or (3) attorney's fees and costs.

3. Jiang alleges pursuant to the MGL that he is entitled to recover from the defendants: (1) treble damages regarding his overtime wages, (2) 12% simple pre and post judgement interest provided by MGL Chapter 231 §6B and/or (3) attorney's fees and costs.

4. Plaintiff has received a letter from the Attorney General authorizing a private right to action as Defendant KOBE JAPANESE STEAKHOUSE, INC. f/k/a Toyko Steak House Inc d/b/a Tokyo Japanese Steak House on August 8, 2022.

5. Plaintiff has received a letter from the Attorney General authorizing a private right to action as to Defendant TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House on August 8, 2022.

6. Plaintiff has received a letter from the Attorney General authorizing a private right to action as to Defendant TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House on August 8, 2022.

7. Plaintiff has received a letter from the Attorney General authorizing a private right to action as Defendant GUANGLONG LIN a/k/a Guang Long Lin a/k/a David Lin on August 18, 2022.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

9. This Court has supplemental jurisdiction over Jiang's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

10. Venue is proper in the United States District Court for the District of Massachusetts pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the District of Massachusetts, and because the acts and omissions giving rise to the claims alleged herein took place within the District of Massachusetts.

## PLAINTIFF

11. Jiang was employed by defendants from on or about January 1, 2014 to June 3, 2021 to work as a Teriyaki Chef at one of defendant's restaurants named "Tokyo II Steak House" located at 1201 Broadway Saugus, MA 01906.

## DEFENDANTS

*Corporate Defendants*

12. Kobe Japanese Steak House is a domestic business corporation with a registered address at 59 Bower Rd Quincy MA, 02169 and a principal place of business located at 250 Granite Street, Braintree MA, 02184.

13. Kobe Japanese Steak House was during the period relevant to this lawsuit a business with gross annual revenue in excess of $500,000.00 per year.

14. Kobe Japanese Steak House was during the period relevant to this lawsuit a business engaged in interstate or foreign commerce.

15. Kobe Japanese Steak House was during the period relevant to this lawsuit a business that employed more than ten (10) employees

16. Tokyo II Steak House is a domestic business corporation with a registered address at 59 Bower Rd Quincy MA, 02169 and a principal place of business located at 1201 Broadway Saugus MA, 01906.

17. Tokyo II Steak House was during the period relevant to this lawsuit a business with gross annual revenue in excess of $500,000.00 per year.

18. Tokyo II Steak House was during the period relevant to this lawsuit a business engaged in interstate or foreign commerce.

19. Tokyo II Steak House was during the period relevant to this lawsuit a business that employed more than ten (10) employees.

20. Tokyo III Steak House is a domestic business corporation with a registered address at 59 Bower Rd Quincy MA, 02169 and a principal place of business located at 199 Boyleston Street Newton MA, 02467.

21. Tokyo III Steak House was during the period relevant to this lawsuit a business with gross annual revenue in excess of $500,000.00 per year.

22. Tokyo III Steak House was during the period relevant to this lawsuit a business engaged in interstate or foreign commerce.

23. Tokyo III Steak House was during the period relevant to this lawsuit a business that employed more than ten (10) employees.

*Individual Defendant*

24. Guanglong Lin is the owner and the president of all the corporate defendants according to the Massachusetts Business Entity Summary.

25. Guanglong Lin was throughout the period relevant to this lawsuit an active day to day manager at Corporate Defendants.

26. Guanglong Lin actually hired Jiang

27. Guanglong Lin actually paid Jiang

28. Guanglong Lin actually fired Jiang.

29. Guanglong Lin throughout the period relevant to this lawsuit had the power to hire and fire employees at Corporate Defendants including Jiang; determined the schedules and conditions of employment for each of the employees who worked including Jiang; determined the pay rates for each of the employees who worked including Jiang; and kept records for Corporate Defendnats.

*Corporate Non-Defendant*

30. Shogun Japanese Steak House Inc (hereinafter also "Corporate Non-Defendant") is a domestic business corporation with a registered address at 59 Bower Rd Quincy MA, 02169 and a principal place of business located at 777 Memorial Drive Cambridge MA, 02139.

31. Shogun Japanese Steak House Inc was during the period relevant to this lawsuit a business with gross annual revenue in excess of $500,000.00 per year.

32. Shogun Japanese Steak House Inc was during the period relevant to this lawsuit a business engaged in interstate or foreign commerce.

33. Shogun Japanese Steak House Inc was during the period relevant to this lawsuit a business that employed more than ten (10) employees.

34. Plaintiff Jiang is pursuing his claims against Corporate Non-Defendant in Case No. 21-cv-11732 in the United Stated District Court for the District of Massachusetts.

**STATEMENT OF FACTS**

*Corporate Defendants along with Corporate Non-Defendant formed a Single Integrated Enterprise*

35. Corporate Defendants and Corporate Non-Defendant, were all operated jointly by Individual Defendant who together centralized, controlled and implemented a uniform scheme of labor relations.

36. Corporate Defendants and Corporate Non-Defendant share (1) common mangement; (2) interrelations between operations; (3) centralized control over labor relations; and (4) common ownership all in the person of Indivudual Defendant Guanglong Lin.

37. In particular, Individual Defendant was the owner of Corporate Defendants and Corporate Non-Defendant and would exercise his power to hire and fire on behalf of all Corporate Defendants and Corporate Non-Defendant; determined the schedules and conditions of employment for employees of all Corporate Defendants and Corporate Non-Defendant; determined the pay rates of employees of all Corporate Defendants and Corporate Non-Defendant; and kept the pay records for all the employees all Corporate Defendants and Corporate Non-Defendant including Jiang.

38. Further Corporate Defendants and Corporate Non-Defendant all share a website, tokyonewton.com[1], where under the Contact Us page it directs you to the each of the restaurant locations operated by the Corporate Defendants and Corporate Non-Defendant.

39. Jiang worked at Tokyo II Steak House Inc., but on ocassion, when Kobe Japanese Steakhouse Inc. was busy, Guanglong Lin would dispatch him to work at Kobe Japanese Steakhouse Inc.

40. Additionally, "Da Lin," a Teriyaki Chef, originally worked at Kobe Japanese Steakhouse Inc., then was transferred to Shogun Japanese Steak House Inc., and then was further transferred to Tokyo II Steak House Inc., where he worked for several months before returning to

---

[1] https://www.tokyonewton.com/contact/

work at Shogun Japanese Steak House Inc.

41. "Hunter," another Teriyaki Chef, began working at Shogun Japanese Steak House Inc., then was transferred to Kobe Japanese Steakhouse Inc., and then was further transferred to Tokyo II Steak House Inc. before being finally transferred back to Kobe Japanese Steakhouse Inc.

42. "Cai Ge," a Hot Pot "Big Chef," during his emloyment was scheduled to work at Kobe Japanese Steakhouse Inc., Tokyo II Steak House Inc., and Tokyo II Steak House Inc. concurrently, being scheduled to work, and working, four (4) days per week at Tokyo II Steak House Inc., one (1) day per week at Tokyo II Steak House Inc., and one (1) day per week at Tokyo III Steak House Inc.

43. "Leo," a Sushi Chef, during his employment was scheduled to work at Kobe Japanese Steakhouse Inc. and Tokyo II Steak House Inc. concurrently, being scheduled to work, and working, four (4) days per week at Kobe Japanese Steakhouse Inc. and one (1) day per week at Tokyo II Steak House Inc.

44. At all relavenat times, the work preformed by Jiang was directly essential to the business operated by Corporate Defendants and Corporate Non-Defendant

## Wage and Hour Claims

45. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

46. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

47. While employed by Defendants, Jiang was not exempt under federal and state laws requiring employers to pay employees overtime.

48. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

49. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

### *Plaintiff CHUN LIN JIANG*

50. Chun Lin Jiang was employed by Defendants from on or about May 1, 2014 to June 3, 2021 to work as a Master Teriyaki Chef at one of defendants restaurants Tokyo II Steak House located at 1201 Broadway, Saugus, MA 01906.

51. Chun Lin Jiang would sometimes be dispatched to work at one of Defendants' other restaurnats Kobe Japanese Steakhouse located at 250 Granite Street, Braintree MA, 02184.

52. During his time of employment, Chun Lin Jiang did not work between January 20, 2018 and June 30, 2018 and then again from March 17, 2020 through June 17, 2020.

53. Throughout the period relevant to this lawsut, from on or abour July 1, 2018 to March 16, 2020, Chun Lin Jiang regularly worked on average sixty-eight and seventy-three hundredths (68.73) hours per week:

   a. From 11:10 hours (11:10 am) to 22:30 hours (10:30 pm) for eleven and thirty-three hundredths (11.33) hours per day for either four (4) or five (5) days per week; and

   b. From 11:10 hours (11:10 am) to 23:00 (11:00 pm) for eleven and eighty-three hundredths (11.83) per day for either one or two days.

   c. Totally Jiang would work either sixty-eight and ninty eight hundredths (68.98) hours or sixty-eight and forty-eight hundreths (68.48) hours per week

54. From on or about March 17, 2020 to June 17, 2020, Chun Lin Jiang did not work at the restaurant.

55. From on or aound June 18, 2020 to June 3, 2021, Chun Lin Jiang regularly worked on average sixty-eight and seventy-three hundredths (68.73) hours per week:

   a. From 11:10 hours (11:10 am) to 22:30 hours (10:30 pm) for eleven and thirty-three hundredths (11.33) hours per day for either four (4) or five (5) days per week; and

   b. From 11:10 hours (11:10 am) to 23:00 (11:00 pm) for eleven and eighty-three hundredths (11.83) per day for either one or two days.

   c. Totally Jiang would work either sixty-eight and ninty eight hundredths (68.98) hours or sixty-eight and forty-eight hundreths (68.48) hours per week

56. Chun Lin Jiang did not have regularly scheduled meal or rest breaks during the working day and was never fully relieved of his job at any point in the day.

57. From the beginning of the period relevant to this lawsuit to June 3, 2021, excluding the times that Chun Lin Jiang did not work, Chun Lin Jiang was paid a flat three thousand and two hundred dollars ($3,200.00) per month.

58. At all relevant times, Chun Lin Jiang was not paid overtime pay for overtime work

59. At all relevant times, Chun Lin Jiang was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

60. At all relevant times, Chun Lin Jiang had to help out with the Hot Pot

61. Throughout his employment, Chun Lin Jiang was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

62. Throughout his employment, Chun Lin Jiang was not compensated at least at one-

and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

64.     Plaintiff brings his MGL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class Period").

65.     All said persons, including Chun Lin Jiang, are referred to herein as the "Class."

66.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

67.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

68. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the Massachusetts law;

   b. Whether Defendants failed to pay Plaintiff and the Class promised wages for work for Defendants;

   c. Whether Plaintiff and Class Members are paid at least the minimum wage for each hour worked under the Massachusetts General Law;

   d. Whether Plaintiff and Class Members are entitled to and paid overtime under the Massachusetts General Law; and

   e. At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class Members for their work.

### *Typicality*

69. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

70.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

71.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for

Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

72. Upon information and belief, Defendants and other employers throughout the state violate M.G.L. c. 149, § 148 and M.G.L. c. 151 § 1A. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Massachusetts General Law—Nonpayment of Wages Brought on Behalf of the Plaintiff and the Rule 23 Class]

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Massachusetts General Law.

75. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff wages, in violation of MGL Chapter 149 § 148.

76. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

77. An employer who fails to pay wages when they are due shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT II.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the FLSA Collective]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

80. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

81. Defendants' failure to pay Plaintiff and the Collective Action Members overtime violated the FLSA.

82. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

83. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

84. Defendants willfully failed to notify Plaintiff and Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and the Collective Action Members' labor.

85. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

### COUNT III.
### [Violations of the Massachusetts General Law —Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Rule 23 Class]

86. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate to which the Plaintiff and the Class are entitled.

88. Defendant' failure to pay Plaintiff overtime violated the MGL Chapter 151 §§ 1A and 1B.

89. Defendants' failure to pay Plaintiff was not in good faith.

90. An employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through

the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff CHUN LIN JIANG and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA, M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§ 1A, 1B and 20;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid overtime wages due under FLSA and Massachusetts Law due to Chun Lin Jiang and the Collective Action members plus compensatory and liquidated damages.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
November 2, 2022

                                TROY LAW, PLLC
                                *Attorneys for the Plaintiff, proposed FLSA*

*Collective and potential Rule 23 Class*

/s/ Tiffany Troy
Tiffany Troy