UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHUN LIN JIANG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>KOBE JAPANESE STEAKHOUSE, INC., et al.,<br><br>        Defendants. | Civil Action No.<br>22-11867-FDS |

## ORDER ON PENDING MOTIONS

**SAYLOR, C.J.**

This is a case about employee claims for unpaid wages. Plaintiff Chun Lin Jiang has brought suit, on behalf of himself and other similarly situated employees, against Kobe Japanese Steakhouse, Inc., Tokyo II Steak House, Inc., Tokyo III Steak House, Inc., and Guanglong Lin for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148.

The complaint in this action was filed on November 2, 2022. On January 25, 2023, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. On February 9, 2023, plaintiff filed an amended complaint as of right under Fed. R. Civ. P. 15(a)(1).

Also on February 9, 2023, plaintiff filed a motion seeking leave to file a supplemental complaint under Fed. R. Civ. P. 15(d) to add claims of retaliation under federal and state law against Guanglong Lin. Neither that motion nor its supporting memorandum, however, attached

the proposed supplemental complaint.

On February 20, 2023, plaintiff filed a letter purporting to supplement the motion for leave to file a supplemental complaint. Again, however, no proposed supplemental complaint was attached.

On March 9, 2023, plaintiff filed a reply brief in further support of the motion. Finally, and for the first time, plaintiff attached a proposed "Supplemental Complaint." That complaint, however, appears to assert claims against Guanglong Lin, but none of the three corporate defendants. (*See also* Docket No. 43, Ex. 1 at 2 (referring to corporate defendants as "[d]efendants in the primary pleading")).

In the meantime, on February 23, 2023, defendants moved to dismiss the amended complaint (that is, the one filed on February 9) for failure to state a claim. Plaintiff filed an opposition to that motion on March 9, 2023. That opposition included a request that plaintiff's two lawsuits pending in this court be consolidated.

On March 14, 2023, defendants moved to strike plaintiff's March 9 reply and opposition briefs on a variety of grounds, including the fact that plaintiff did not comply with the Local Rules.

Finally, on March 24, 2023, plaintiff moved for leave to file an opposition to defendants' motion to dismiss and a reply memorandum of law in further support of his motion to supplement the complaint.

The result of all of this is a confusing tangle, and it is by no means clear what plaintiff intends the operative complaint to be. Plaintiff will be permitted to amend the complaint to add a claim of retaliation. However, in an effort to rationalize and streamline this process, the Court will make the following rulings:

1. Defendants' original motion to dismiss (Docket No. 12) is DENIED without prejudice as moot.

2. Plaintiff will be permitted to file a supplemental complaint under Rule 15(d). To that extent, plaintiff's motion seeking leave to file such a pleading (Docket No. 31) is GRANTED in part. However, if plaintiff wishes to assert these claims, he is hereby ORDERED to file a second amended complaint that includes all claims, supplemental or otherwise, in a single document that complies with Rule 8. Plaintiff must do so within 14 days of the date of this order (that is, on or before July 31, 2023).

3. Defendants' second motion to dismiss (Docket No. 38) is DENIED without prejudice as moot.

4. Defendants shall respond to the second amended complaint within 21 days after its filing.

5. Defendants' motion to strike the pleadings (Docket No. 44) is DENIED without prejudice.

6. Plaintiff's motion for leave to file an opposition to defendants' motion to dismiss and a reply memorandum of law in further support of plaintiff's motion to supplement the complaint (Docket No. 46) is DENIED as moot with respect to the opposition to the motion to dismiss, and GRANTED with respect to the reply memorandum.

7. Plaintiff's request that this case and another pending in this court be consolidated is DENIED without prejudice, as it was not brought in the form of a motion.

8. Plaintiff is cautioned that further failures to comply with the rules of court, or to complicate the litigation unnecessarily, may result in sanctions.

**So Ordered.**

                                                 /s/ F. Dennis Saylor IV
                                                 F. Dennis Saylor IV
Dated:  July 17, 2023                     Chief Judge, United States District Court